Chief Justice Robertson,
delivered the opinion of the Court”
Judge. Nicholas did not sit.
In an action of assumpsit, Kennedy obtained a judgment against the administrators de bonis non of John ¡SuíIVans, deceased — to reverse” which, this writ of error is prosecuted.
Various errors are assigned; but being of opinion, that there is no error in the pleadings or in the opinions of the circuit court thereon; this court will consider the assignment of errors only, so far as it complains of error after the issues were concluded.
On the tria!, upon an issue upon a plea of no assets and upon other issues, the defendant in error was permitted to read to the jury, a document purporting to he a receipt given by the plaintiffs in error to the clerk of the county court for bonds described as obligations which had been given to the same man who was administrator, for slaves sold by him as a commissioner, and which had been deposited with the county court after a settlement with the representative of the administrator, prior to the appointment of the administrator de bonis non. The plaintiffs in error excepted to tiie admission of that document as evidence; and we are of opinion, that the circuit court erred in aduiitting.it.
Ronds executed to the administrator in his fiducial character, could not have constituted assets in the hands of the administrator de bonis non, because the assets for which they had been given had been specifically and. essentially changed, so that the bonds should have been deemed chatties belonging to the obligee, and not assets in the hands of the administrator. 'Í lie personal representative of the deceased administrator could alone maintain suits on the bonds — (See Ba. 4b. Tit. Exr’s.) A fortiori, bonds made payable to commissioners in consideration of a sale of slaves (in the hands of an administrator) cannot be assets in the hands of an adminis *189 Irafor de bonis non. The slaves were, we presume, soul for the benefit of the distributees, and because a division in kind was impracticable. The eoimnissioner was a trustee for the distributees — ami the bonds given to him were not assets in his own hands, as the administrator; consequently they cannot constilute assets in the hands of the plaintiffs, as administrators de bonis non, who, as such, would have a right to nothing which had not remained actually or virtually in specie, as it was left by the intestate, and had not been administered by tlie administrator, And to that effect the plaintiffs moved the circuit court to instruct the jury — but the instruction was refused. -
Nothing is as- . dmiiú? r-uor de bonis non, t!‘° remain iffspicic, as J-ft :>y ^ administered
amount, ascertained, on settlement with the county court, to have been due by the administrator, is no» asst is in the hands of the administrator de bonis non, a ¡ (I there.ort is i>o-criterion for. determining (he amount of assets win. ii have come to the hands < f tilt- administrator de bonis non.
Brown, for plaintiffs; Morehead, for defendant.
In admitting the document A from the county court, and in leiusing to give the foregoing instruction, the circuit court erred.
But there was no error (as the plaintiffs seem to suppose) in the refusal by the circuit court to instruct the jury that the amount ascertained, on settlement with the comity court, to have been due by the administrator, and not accounted for by him, was the proper criterion for determining the amount of assets which had come to their hands. That balance could not have been assets in the hands of the administrators de bonis non. But whatever chatties of the intestate remained unadministered by the administrators, may have been assets in their hands.
But for the errors which have been suggested in tills opinion, the judgment of the circuit court must be reversed and the cause remanded for a new trial.